IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

EQUAL EMPLOYMENT                    :
OPPORTUNITY COMMISSION,             :
                                    :
            Plaintiff,              :       CIVIL ACTION NO.  7:14-CV-136
                                    :
     v.                             :
                                    :       JURY TRIAL DEMANDED
J&R BAKER FARMS, LLC, and           :
J&R FARMS PARTNERSHIP               :
                                    :
            Defendants.             :
_____ :

## COMPLAINT

    This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin and/or race and to provide appropriate relief to Jeffrey Adams, Kathern Bentley, Jimmy Boatwright, Maleah Caldwell, Jonathan A. Daniels, Fiona Dawson, Rachel Flemming, Mary Jo Fuller, Johnny Gary, Denise Hopkins, Danny King, Eric B. Martin, Marcus D. Moore, Tyree Sinclair, Dana Spradley, Kashonda Walker (Sinclair), Andrea N. Ware, Victor B. Williams, Stephanie Jackson, Ashley Banks, Derrick Green, Kira Huntley, Tekoy Hutto, Domarnique Moore, Jamar Moore, and other similarly

situated aggrieved individuals ("class members") who worked for J&R Baker Farms, LLC and/or J&R Farms Partnership (hereinafter collectively referred to as "Defendants") in and around Colquitt County, Georgia from September 2010 to the present and who were adversely affected by such practices.  Plaintiff alleges that Defendants violated Title VII when they engaged in a pattern or practice of unlawful discrimination by subjecting American and/or African American workers to different terms and conditions of employment based upon their national origin ("American" or "United States") and/or race (African American), provided fewer work opportunities to American and/or African American workers vis-à-vis their foreign born counterparts, and unlawfully discharged American and/or African American workers based on national origin and/or race.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia, Valdosta Division.

**PARTIES**

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and 2000e-6(a).

4.      At all relevant times, Defendants have continuously been a privately held partnership doing business in the state of Georgia and maintain their principal place of business at 561 Roundtree Bridge Road, Norman Park, Georgia 31771, and has continuously had at least 15 employees.

5.      At all relevant times, Defendants have continuously been an employer engaged in the packing and production of produce in around Colquitt County, Georgia, in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

6.      More than thirty days prior to the institution of this lawsuit, Jeffrey Adams, Kathern Bentley, Jimmy Boatwright, Maleah Caldwell, Jonathan A. Daniels, Fiona Dawson, Rachel Flemming, Mary Jo Fuller, Johnny Gary, Denise Hopkins, Danny King, Eric B. Martin, Marcus D. Moore, Tyree Sinclair, Dana

Spradley, Kashonda Walker (Sinclair), Andrea N. Ware, Victor B. Williams, Stephanie Jackson, Ashley Banks, Derrick Green, Kira Huntley, Tekoy Hutto, Domarnique Moore, and Jamar Moore ("Charging Parties") filed charges of discrimination with the Commission alleging violations of Title VII by Defendants.

7.     On August 15, 2013, the Commission issued to defendant(s) a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting defendant(s) to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8.     On September 11, 2013, the Commission issued to defendant(s) a Notice of Failure of Conciliation advising defendant(s) that the Commission was unable to secure from defendant(s) a conciliation agreement acceptable to the Commission.

9.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

10.    Each Charging Party is of American national origin.

11.    Each Charging Party, with the exception of Kathern Bentley, is African American.

## **Disparate Terms and Conditions of Employment Based on National Origin and/or Race**

12.     Since at least September 2010, Defendants engaged in unlawful employment practices at their operations in Colquitt County, Georgia, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting a class of American and/or African American workers to a pattern or practice of disparate terms and conditions of employment.  These unlawful practices include but are not limited to:

a.     Defendants segregated work crews by national origin and/or race, provided the American and/or African American workers with little or no training, and purposely frustrated the production rate of the American workers.

b.     Defendants habitually delayed work start times for American and/or African American workers.

c.     Defendants sent American and/or African American workers home while allowing the foreign-born workers to continue to work.

d.     Defendants directed American and/or African American workers not to report to work on days when farm work was performed exclusively by the foreign-born workforce.

e.     Defendants denied American and/or African American workers equal opportunity for work and wages.

f. Defendants subjected American and/or African American workers to production standards that were not previously disclosed and were not imposed on foreign-born workers.

13. Defendants subjected the American and/or African American workers to disparate terms and conditions of employment because of their national origin and/or race.

14. The practices complained of in Paragraphs 12 and 13 resulted in a class of American and/or African American workers receiving less hours of compensable work and less pay than their foreign-born counterparts.

15. The unlawful employment practices complained of in Paragraphs 12 and 13 above were done with malice or with reckless indifference to the federally protected rights of the class of American and/or African American workers.

16. Defendants' failure or refusal to provide equal terms and conditions of employment constitutes an unlawful pattern or practice of discrimination against the class of American and/or African American workers in violation of Section 703(a) of Title VII.

## Termination Based on National Origin and/or Race

17. Since at least September 2010, Defendants have engaged in unlawful employment practices at its operations in Colquitt County, Georgia, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by unlawfully subjecting a

class of American and/or African American workers to a pattern or practice of discriminatory treatment by disproportionately terminating them based on their national origin and/or race.

18. Defendants have engaged in a pattern or practice of unlawfully terminating qualified American and/or African American, non-supervisory, farm workers and replacing them with foreign-born workers. Illustrative examples of this practice are as follows:

a. Defendants hired approximately 121 American workers for the fall 2010 agricultural season (September 2010 - January 2011). During the first six weeks of the fall 2010 agricultural season, approximately 116 Americans were separated, reducing the American workforce from 121 (58% of the workforce) to 5 (4% of the workforce), while the overall number of foreign-born workers increased from 88 to 117. Defendants involuntarily terminated a large number of American and/or African American workers in the first six weeks of the growing season. Specifically, on or about October 4, 2010, Defendants terminated Charging Parties Adams, Bentley, Daniels, Fuller, Gary, Hopkins, King, Moore, Spradley, Walker (Sinclair), and Ware, and additional similarly situated American workers, including but not limited to Rakisha Blalock, Lavinsky Carter, Michael Riggins, and Margaret Sutton for failing to meet a previously undisclosed production standard of picking at least 9 buckets of squash an hour. Upon information and

belief, foreign-born workers were not subjected to this or any production standard and few if any foreign-born workers were involuntarily terminated throughout the fall 2010 season.

       b.     Before the end of the spring 2011 agricultural season (April - July 2011), nearly all of Defendants' American and/or African American workers were no longer employed by Defendants while upon information and belief few if any foreign-born workers were involuntarily terminated.

       c.     Within a few days of the start of the fall 2012 agricultural season (September 2012 – January 2013), Defendants involuntarily terminated nearly all of the American and/or African American workers for violating undisclosed work rules, including Charging Parties Ashely Banks, Derrick Green, Kira Huntley, Tekoy Hutto, Domarnique Moore, and Jamar Moore, and additional similarly situated American and/or African American workers, including but not limited to Willie Frederick and Ashley Taylor.  Upon information and belief, few if any foreign-born workers were involuntarily terminated for violating work rules.

19.    The termination of the American and/or African American workers was based on their national origin and/or race.

20.    The practices complained of in Paragraphs 17 through 19 resulted in the disproportionate termination of a class of American and/or African American workers.

21.     The unlawful employment practices complained of in Paragraphs 17 through 19 were done with malice or with reckless indifference to the federally protected rights of the class of American and/or African American workers.

22.     Defendants' disproportionate termination of American-born and/or African American workers constitutes an unlawful pattern or practice of discrimination against a class of American workers in violation of Section 703(a) of Title VII.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in a pattern or practice of terminating American persons based on national origin and/or race in their Georgia facilities and work sites, and engaging in any other employment practice which discriminates on the basis of national origin or race.

B.     Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from subjecting American employees to disparate terms and conditions of employment based on national origin and/or race.

C.      Order Defendants, to institute and carry out policies, practices, and programs which provide equal employment opportunities for all American, including African American employees, and which eradicate the effects of their past and present unlawful employment practices.

D.      Order Defendants to make whole the Charging Parties and class members, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

E.      Order Defendants to make whole the Charging Parties and class members, by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in Paragraphs 12 through 19 above, including job search expenses, in amounts to be determined at trial.

F.      Order Defendants to make whole the Charging Parties and class members, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in Paragraphs 12 through 19 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.      Order Defendants to pay to the Charging Parties and class members punitive damages for its malicious and/or reckless conduct described in Paragraphs 12 through 19 above, in amounts to be determined at trial.

H.     Grant such further relief as the Court deems necessary and proper in the public interest.

I.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

August 28, 2014               *s/*Robert K. Dawkins      
Date                             ROBERT K. DAWKINS
Regional Attorney
Georgia Bar No. 076206

OTTRELL FERRELL EDWARDS
Supervisory Trial Attorney
Georgia Bar No. 141979

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6818
Facsimile:   (404) 562-6905