IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **J & R BAKER FARMS, LLC, and J & R BAKER FARMS PARTNERSHIP**, <br><br> Defendants. | Civil Action No. 7:14-CV-136 (HL) |

**ORDER**

Before the Court is Plaintiff-Intervenors' Motion to Intervene. (Doc. 10). Upon review, the Court finds the requested intervention appropriate and grants the motion.

**I.   BACKGROUND**

On August 28, 2014, the Equal Employment Opportunity Commission ("EEOC") initiated an action against Defendants J & R Baker Farms, LLC and J & R Baker Farms Partnership under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of national origin and/or race. (Doc. 1). In its Complaint, the EEOC seeks relief on behalf of Jeffrey Adams, Kathern Bentley, Jimmy Boatwright, Maleah Caldwell, Jonathan A. Daniels, Fiona Dawson, Rachel Flemming, Mary Jo Fuller, Johnny Gary, Denise

Hopkins, Danny King, Eric B. Martin, Marcus D. Moore, Tyree Sinclair, Dana Spradley, Kashonda Walker (Sinclair), Andrea N. Ware, Victor B. Williams, Stephanie Jackson, Ashley Banks, Derrick Green, Kira Huntley, Tekoy Hutto, Domarnique Moore, Jamar Moore, and other similarly situated aggrieved individuals who worked for Defendants from September 2010 to the present and who were adversely affected by Defendants' alleged discriminatory employment practices.

Proposed Plaintiff-Intervenors Ashley Banks, Maleah Caldwell, Jonathan Daniels, Fiona Dawson, Rachel Flemming, Mary Jo Fuller, Derrick Green, Kira Huntley, Tekoy Hutto, Stephanie Jackson, Danny King, Domarnique Moore, Jamar Moore, Marcus Moore, Dana Spradley, Kashonda Walker, and Andrea Ware were a part of the collective of charging parties upon whose charges the EEOC bases its Complaint. The remaining proposed Intervenors Monica Edwards,[1] Quintin Daniels,[2] Derek Davis, Willie Lee Frederick, Nakia McCray, Charles Moore, Joseph Phillips, Tomika Roberts, and Ashley Taylor did not file

---

[1] Plaintiff-Intervenors' Motion does not list Monica Edwards as a proposed Intervenor. However, it is clear from the proposed Complaint in Intervention that the list of Intervenors is meant to include Ms. Edwards. (Doc. 10-1 ¶¶ 9, 16, 108-09, 111, 119, 156, 186).

[2] Throughout the Complaint in Intervention and Plaintiff-Intervenors' Reply to Defendants' Opposition to Motion to Intervene (Doc. 18), Jonathan Daniels' name frequently appears in place of Quintin Daniels. The Court here clarifies that Jonathan Daniels was a charging party before the EEOC. Quintin Daniels did not file a charge and instead relies upon the charge filed by Monica Edwards for intervention. The Court invites the Plaintiff-Intervenors to correct this supposition if the Court is mistaken on this point.

charges of discrimination with the EEOC but allege that they are entitled to intervene in the EEOC's action as "person or persons aggrieved" by Defendants' unlawful employment practices. 42 U.S.C. § 2000e-5(f)(1).

## II.  ANALYSIS

Defendants do not oppose the intervention of any proposed Plaintiff-Intervenor who filed an appropriate charge of discrimination with the EEOC. Accordingly, Ashley Banks, Maleah Caldwell, Jonathan Daniels, Fiona Dawson, Rachel Flemming, Mary Jo Fuller, Derrick Green, Kira Huntley, Tekoy Hutto, Stephanie Jackson, Danny King, Domarnique Moore, Jamar Moore, Marcus Moore, Dana Spradley, Kashonda Walker, and Andrea Ware shall be permitted to intervene in this action without further discussion.

However, Defendants contend that those Plaintiff-Intervenors who have not filed timely charges of discrimination with the EEOC do not qualify as aggrieved persons under the statute and are not entitled to intervene as a matter of right. Defendants also object to the intervention of Plaintiff-Intervenors whose claims arise from the Spring 2013 agricultural season, arguing that these claims do not share a common nexus of law and fact and will substantially expand the scope of the lawsuit thereby causing undue delay or prejudice to the rights of the original parties. Finally, Defendants urge the Court to exclude the Plaintiff-Intervenors' claims arising under 42 U.S.C. § 1981 and under the Agricultural Worker Protection Act ("AWPA").

A.   **Intervention as a Matter of Right and the Single-Filing Rule**

Federal Rule of Civil Procedure 24(a)(1) provides, on "a timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." Title VII confers an aggrieved employee with an unconditional right to intervene in actions commenced by the EEOC. 42 U.S.C. § 2000e-5(f)(1) ("The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission."); see, e.g., EEOC v. Waffle House, Inc., 534 U.S. 279, 291 (2002) ("If . . . the EEOC files suit on its own, the employee . . . may intervene in the EEOC's suit."). Defendants do not question the timeliness of the motion now before the Court; rather Defendants argue that Derek Davis, Willie Lee Frederick, and Ashley Taylor[3] are not aggrieved persons and do not have a right to intervene under Rule 24(a)(1) because they did not exhaust their administrative remedies. Defendants' arguments, however, are foreclosed by the single-filing rule.

It is undisputed that the timely filing of a charge of discrimination with the EEOC is a prerequisite to filing suit under Title VII. 42 U.S.C. § 2000e-5; H & R

---

[3] For the sake of clarity, the Court breaks the Plaintiff-Intervenors into two categories: (1) Plaintiff-Intervenors employed by Defendants during the 2012 season who rely on the charge filed by Domarnique Moore, which includes Derek Davis, Willie Lee Frederick, and Ashley Taylor; and (2) Plaintiff-Intervenors employed by Defendants during the Spring 2013 season, which includes Quintin Daniels, Monica Edwards, Charles Moore, Nakia McCray, Joseph Phillips, and Tomika Roberts.

4

Block E. Enters., Inc. v. Morris, 606 F.3d 1285, 1295 (11th Cir. 2010). However, the "single-filing rule," which is also referred to as the "piggybacking rule," provides a limited exception to the charge-filing requirement. Under the rule, a plaintiff who has not filed an EEOC charge may rely on another plaintiff's charge where (1) the charge relied upon is timely and not otherwise defective; and (2) the individual claims of the filing and non-filing plaintiffs arise out of similar discriminatory treatment within the same time frame. Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 449 (11th Cir. 1993).[4]

By requiring that the representative charge be valid and that the claims for the charging and non-charging plaintiffs arise out of comparable discriminatory conduct occurring in the same time frame, the single-filing rule "ensure[s] that no plaintiff [is] permitted to bring suit until the EEOC has been given the opportunity to address the grievance." Id. at 450. The objective of the rule "is to allow non-filing plaintiffs to rely on the charges of filing plaintiffs when it would be a 'useless act' for the non-filing plaintiffs to file their own charges." Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1225 (11th Cir. 2001); see also Otis v. Crown Zellerbach

---

[4] This Circuit has long accepted the invocation of the single-filing rule in a variety of contexts: to permit unnamed plaintiffs in a class action to rely on the EEOC charge of a named plaintiff, Oatis v. Crown Zellerbach Corp., 398 F.2d 496, 498-99 (5th Cir. 1968); to permit intervenors who had not filed EEOC charges to rely on the charge of one of the original plaintiffs, Wheeler v. American Home Products Corp., 582 F.2d 891, 897-98 (5th Cir. 1977); to permit plaintiffs in a multi-plaintiff, non-class action lawsuit to rely on the charge of a co-plaintiff, Crawford v. United States Steel Corp., 660 F.2d 663, 665-66 (5th Cir. Unit B 1981). Calloway, 986 F.2d at 450.

Corp., 398 F.2d 496, 498 (5th Cir. 1968) ("It would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC."). However, the temporal scope of the single-filing rule is limited by the date of the filing of the representative charge. Id. "In other words, a plaintiff must have been able to file his or her charge of discrimination on the date the representative plaintiff filed the representative charge." Id. at 1214.

Here, Plaintiff-Intervenor Domarnique Moore filed a timely charge with the EEOC, alleging that Defendants discriminated against her and other African-American workers in the terms and conditions of their employment and in their terminations, including being placed in segregated work crews, receiving reduced work hours and equal opportunity for work and wages, and being subjected to undisclosed production standards. (Doc. 1 ¶¶ 6, 12). Proposed Plaintiff-Intervenors Derek Davis, Willie Lee Frederick, and Ashley Taylor rely upon Ms. Moore's charge. (Doc. 10-1 ¶ 8). Defendants do not dispute the timeliness or validity of Ms. Moore's charge. Therefore, these three proposed Plaintiff-Intervenors satisfy the first requirement of the single-filing rule.

Next the Court must examine whether the claims of the intervening parties arise out of the same or similar discriminatory treatment within the same time frame. The three individuals in question allege that they were employed by Defendants for the 2012 agricultural season, as was Ms. Moore. (Doc. 10-1 ¶ 8,

15.) Similar to Ms. Moore, these Plaintiff-Intervenors claim that Defendants engaged in discriminatory conduct in the form of segregated work crews, work assignments, and production standards. (Doc. 10-1 ¶¶ 88-107). The claims are substantively identical to those articulated by Ms. Moore. Accordingly, the Court finds that Derek Davis, Willie Lee Frederick, and Ashley Taylor satisfy the prerequisites of the single-filing rule and shall be permitted to intervene as a matter of right.

### B. Claims Arising During the 2013 Season

Prospective Plaintiff-Intervenors Quintin Daniels, Monica Edwards, Charles Moore, Nakia McCray, Joseph Phillips, and Tomika Roberts were employed by Defendants during the Spring 2013 agricultural season. (Doc. 10-1 ¶ 16). They also seek to intervene in this case as a matter of right under the auspices of the single-filing rule. However, the claims of these individuals arose after the date any of the possible representative charging plaintiffs named by the EEOC filed a representative charge, and the Court at this juncture cannot classify the employment practices here alleged as being a well-defined or explicit policy. See Hipp, 252 F.3d at 1214 n.3 and 1226 n. 22 (recognizing the possibility of an exception to the temporal scope of the single-filing rule when a defendant maintains an explicit discriminatory policy and where "the act of filing a charge . . . can only be said to be 'useless' when the charge on which a plaintiff purports

7

to rely clearly puts the EEOC and the employer on notice that the plaintiff is likely to assert a claim").

Quintin Daniels, Charles Moore, Nakia McCray, and Joseph Phillips purport to "piggyback" off Monica Edwards' timely filed charge, contending that she is among the aggrieved individuals on whose behalf the EEOC filed this lawsuit. While Monica Edwards may be contemplated as a class member, the EEOC did not name her as a charging party. Therefore, Ms. Edwards charge cannot be used as a foundation for the others to intervene as a matter of right under the single-filing rule.

Nevertheless, the Court finds that these individuals should be permitted to intervene permissively because their claims are so closely linked to those espoused by the charging plaintiffs. Federal Rule of Civil Procedure 24(b)(1)(B) permits the Court in its discretion to allow intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3).

The EEOC's Complaint shows that the agency purports to bring this lawsuit on behalf of a class of individuals "who worked for [Defendants] in and around Colquitt County, Georgia *from September 2010 to the present* and who were adversely affected by such practices." (Doc. 1, p. 2) (emphasis added). The

Complaint suggests that since at least September 2010, Defendants have engaged in an ongoing pattern of unlawful employment practices in violation of Title VII. (Doc. 1 ¶¶ 12, 17). On behalf of the putative class members, the EEOC seeks not only compensation for past wrongs resulting from the Defendants' illegal employment practices but also permanent injunctive relief, enjoining Defendants from "engaging in a pattern or practice of terminating American persons based on national origin and/or race . . . and engaging in any other employment practice which discriminates on the basis of nation origin or race." (Doc. 1, p. 9). The EEOC additionally seeks permanent injunctive relief to prevent Defendants from further "subjecting American employees to disparate terms and conditions of employment based on national origin and/or race." (Id.).

While the EEOC's Complaint specifically addresses charges brought by employees who worked for Defendants in 2010, 2011, and 2012, the Complaint defines the scope of the lawsuit to include September 2010 to the present time. Further, it is clear that the relief sought is prospective in nature and includes class members who are not otherwise identified as charging parties. In substance, the EEOC alleges that Defendants as a matter of standard operating procedure engaged in a pattern or practice of discriminatory conduct rather than "isolated or 'accidental' or sporadic discriminatory acts." Int'l Bhd. Of Teamsters v. United States, 431 U.S. 324, 336 (1977).

The claims raised by Quintin Daniels, Monica Edwards, Charles Moore, Nakia McCray, Joseph Phillips, and Tomika Roberts mirror those of the charging parties named by the EEOC in all substantive ways other than the dates of employment. These individuals worked for Defendants during the Spring 2013 agricultural season. Looking to the EEOC's Complaint for guidance, it appears that the Spring season includes the months of April through July. (Doc. 1, p. 8). Monica Edwards filed her charge on November 20, 2013. By that time Defendants were already on notice of the EEOC's ongoing investigation into the same claims here alleged. The EEOC issued a letter of determination on August 15, 2013, informing Defendants that the agency found reasonable cause to believe Defendants were actively violating Title VII. (Doc. 10-1 ¶ 10). The EEOC attempted conciliation with Defendants but ultimately was unsuccessful. (Doc. 10-1 ¶ 11).

The addition of these six plaintiffs certainly will require some additional discovery, but the Court does not believe that their inclusion in the lawsuit will cause a hardship or in any way prejudice the rights of any of the original parties. The discriminatory acts alleged by these individuals are sufficiently similar and occurred within a proximate period of time to those alleged in the EEOC's Complaint, and there is some evidence to suggest that Defendants were on notice of continuing complaints. It is therefore ordered that Quintin Daniels,

Monica Edwards, Charles Moore, Nakia McCray, Joseph Phillips, and Tomika Roberts be permitted to intervene.

### C. Section 1981 Claims

Defendants move the Court to deny the Plaintiff-Intervenors' § 1981 claim as futile and argue that § 1981 does not prohibit discrimination based upon lack of alienage. The Court disagrees and finds that, at this stage in the proceedings, Plaintiff-Intervenors have stated a claim as to their § 1981 claims.

### D. AWPA Claims

Defendants object to the addition of Plaintiff-Intervenors' AWPA claims as being unrelated to the Title VII Complaint; not sharing "common question[s] of law or fact, Fed.R.Civ.P. 24(b)(1)(B), and expanding the scope of this action to include the Spring 2013 season. The Court has already determined that those Plaintiff-Intervenors employed by Defendants in Spring 2013 shall be permitted to intervene. Thus, the remaining question is whether the AWPA claims are sufficiently related to the Title VII claims articulated by the EEOC in the original Complaint. The Court finds the factual basis for the AWPA and Title VII claims to be closely related and agrees that it is in the interest of judicial economy to litigate the claims as part of the same action.

### III. CONCLUSION

For the foregoing reasons, the Court finds the requested intervention to be appropriate. The Motion to Intervene (Doc. 10) is granted.

The Clerk of Court is directed to add Ashley Banks, Maleah Caldwell, Jonathan Daniels, Fiona Dawson, Rachel Flemming, Mary Jo Fuller, Derrick Green, Kira Huntley, Tekoy Hutto, Stephanie Jackson, Danny King, Domarnique Moore, Jamar Moore, Marcus Moore, Dana Spradley, Kashonda Walker, Andrea Ware, Monica Edwards, Quintin Daniels, Derek Davis, Willie Lee Frederick, Nakia McCray, Charles Moore, Joseph Phillips, Tomika Roberts, and Ashley Taylor as Plaintiffs in this matter. The Clerk also is directed to file the Complaint in Intervention, which is attached to the Motion to Intervene as Exhibit 1.

The Court is keenly aware that discovery has been ongoing for some time and recognizes that alterations will need to be made to the discovery schedule. The parties accordingly are ordered to confer and to submit a revised Rules 16/26 Report by August 17, 2015.

**SO ORDERED** this 27th day of July, 2015.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks