**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| Plaintiff, | |
| v. | Civil Action No. 7:14-CV-136 (HL) |
| **J & R BAKER FARMS, LLC, and, J & R FARMS PARTNERSHIP,** | |
| Defendants. | |

**ORDER**

This case is before the Court on Defendants' Motion to Dismiss. (Doc. 4). For the reasons discussed below, the Court denies Defendants' motion.

**I.    FACTS**

The Equal Employment Opportunity Commission ("EEOC") brings this action against Defendants J & R Baker Farms, LLC and J & R Baker Farms Partnership ("Defendants") under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of national origin and/or race. (Doc. 1). In its Complaint, the EEOC seeks relief on behalf of Jeffrey Adams, Kathern Bentley, Jimmy Boatwright, Maleah Caldwell, Jonathan A. Daniels, Fiona Dawson, Rachel Flemming, Mary Jo Fuller, Johnny Gary, Denise Hopkins,

Danny King, Eric B. Martin, Marcus D. Moore, Tyree Sinclair, Dana Spradley, Kashonda Walker (Sinclair), Andrea N. Ware, Victor B. Williams, Stephanie Jackson, Ashley Banks, Derrick Green, Kira Huntley, Tekoy Hutto, Domarnique Moore, Jamar Moore (the "Charging Parties"), and other similarly situated aggrieved individuals who worked for Defendants from September 2010 to the present and who were adversely affected by Defendants' alleged discriminatory employment practices.

The EEOC's Complaint more specifically alleges that beginning in September 2010 and continuing through the present date, Defendants have engaged in a pattern or practice of unlawful discrimination by subjecting American and/or African American workers to different terms and conditions of employment on the basis of their national origin and/or race. Those unlawful practices include segregating work crews by national origin and/or race and providing unequal training; manipulating work start and finish times for American and/or African American workers; holding American and African American workers to undisclosed production standards not imposed on foreign-born workers; and generally subjecting American and African American workers to disparate terms and conditions of employment based on national origin and/or race. The EEOC further states that Defendants have unlawfully subjected a class of American and/or African American workers to a pattern or practice of discriminatory treatment through disproportionate termination.

2

Prior to the initiation of this lawsuit, the Charging Parties filed charges of discrimination with the EEOC alleging that Defendants violated Title VII. After investigating the charges the EEOC issued a Letter of Determination to Defendants dated August 15, 2013, finding reasonable cause to believe that Defendants violated Title VII. The agency invited Defendants to engage in conciliation. On September 11, 2014, the EEOC issued a Notice of Failure of Conciliation. The EEOC now seeks monetary and injunctive relief to remedy Defendants' alleged systemic discrimination.

## II.    MOTION TO DISMISS STANDARD

When examining a motion to dismiss, the court must accept "all well-pleaded facts . . . as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271,1273 n. 1 (11th Cir. 1999). The court, however, need not accept any legal conclusions asserted in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009). A court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682 (1946)). "[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading

as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

Accordingly, to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While there is no probability requirement at the pleading stage, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 557 (citing Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. Id. at 556. Rule 12(b)(6) does not permit dismissal of a complaint "simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 556).

## III. ANALYSIS

Title VII prohibits an employer from "discharg[ing] any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). There are two

4

theories of intentional discrimination under Title VII: disparate treatment discrimination and pattern or practice discrimination. Burke-Fowler v. Orange Cty., Fla., 447 F.3d 1319, 1322 (11th Cir. 2006). The EEOC alleges that Defendants subjected their American and/or African American employees to discriminatory practices under both theories of intentional discrimination.

Defendants move to dismiss the EEOC's Complaint, arguing that the Complaint provides a factually insufficient basis to support the purported claims of discrimination. According to Defendants, the Complaint fails to allege specific events or dates of alleged discrimination or the identities of the individuals involved in the alleged acts of discrimination. Defendants claim that the vague and speculative conclusions drawn by the EEOC in the Complaint fail to meet the requisite pleading standard and neglect to place Defendants properly on notice of the claims raised against them.

### A.    Disparate treatment

Disparate treatment cases arise where an employer treats a "'particular person less favorably than others because of" a protected trait." Ricci v. DeStefano, 557 U.S. 557, 577 (2009) (quoting Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 985-86 (1988)). A plaintiff proceeding under a theory of disparate treatment must establish "'that the defendant had a discriminatory intent or motive' for taking the job-related action." Id. A prima facie claim of discrimination may be established through the presentation of direct evidence,

circumstantial evidence, or statistical proof. See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990).

However, such an exacting standard of proof is not required at the pleadings stage, and there is no requirement that the complaint allege facts sufficient to withstand the classic McDonnell Douglas burden-shifting framework, which sets forth the applicable evidentiary standard not the requisite pleading requirements. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015) (citing Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.")). Instead, to state a cause of action under Title VII for disparate treatment, a complaint need only "'provide enough factual matter (taken as true) to suggest intentional . . . discrimination.'" Id. (quoting Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008)). A complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" but is not required to set forth "'detailed factual allegations.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555); see also Fed.R.Civ.P. 8(a)(2). The factual allegations must simply "be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

The EEOC's Complaint sets forth sufficient factual allegations to raise a facially plausible claim for disparate treatment. The EEOC's Complaint

encompasses the claims of individuals employed by Defendants from at least September 2010 through the present. (Doc. 1, ¶ 12). This class of individuals is comprised of American and/or African American employees who Defendants allegedly treated less favorably than foreign-born workers. (Id.). The Complaint provides the following examples of the disparate terms and conditions of employment allegedly experienced by the Charging Parties:

a. Defendants segregated work crews by national origin and/or race, provided the American and/or African American workers with little or no training, and purposefully frustrated the production rate of the American workers.

b. Defendants habitually delayed work start times for American and/or African American workers.

c. Defendants sent American and/or African American workers home while allowing the foreign-born workers to continue to work.

d. Defendants directed American and/or African American workers not to report to work on days when farm work was performed exclusively by the foreign-born workforce.

e. Defendants denied American and/or African American workers equal opportunity for work and wages.

f. Defendants subjected American and/or African American workers to production standards that were not previously disclosed and were not imposed on foreign-born workers.

The Complaint goes on to allege that the discrepancy in the treatment experienced by these workers was premised on their national origin and/or race and resulted in them receiving fewer hours of compensable work and less pay than the foreign-born workers employed by Defendants. (Doc. 1, ¶¶ 13-14).

7

Whether or not the EEOC can produce evidence sufficient to support these claims, and whether or not there is some alternative, non-discriminatory reason for the division between workers, has yet to be seen. But that is not the standard at this stage. The Complaint meets the essential requirements of explaining whose rights were violated; that those individuals fall into a class of persons protected by federal law; that Defendants allegedly violated the rights of those individuals; and that the violations were motivated by a discriminatory purpose. Accepting the EEOC's allegations as true, the agency has presented enough factual matter to suggest that Defendants subjected the Charging Parties to disparate treatment in the terms and conditions of their employment on the basis of their national origin and/or race and to raise a reasonable expectation that discovery will reveal evidence thereof. Twombly, 550 U.S. at 556.

**B.     Pattern or practice discrimination**

A pattern or practice claim brought by the EEOC is a variation of the disparate treatment theory and may be brought when there is "reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of discrimination." 42 U.S.C. § 2000e-6(a). To maintain a claim for pattern or practice discrimination, a plaintiff must establish "'that . . . discrimination was the company's standard operating procedure.'" Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1559 (11th Cir. 1986) (quoting Int'l Broth. of Teamsters v. U.S., 431 U.S. 324, 336 (1977)). A plaintiff must "prove more than the mere

8

occurrence of isolated or accidental or sporadic discriminatory acts. It ha[s] to establish by a preponderance of the evidence that . . . discrimination [is] the company's standard operating procedure – the regular rather than unusual practice." Teamsters, 431 U.S. at 336. This burden of proof may be met by introducing direct evidence of an employer's intent to discriminate or through statistical or anecdotal evidence of the employer's intent to treat a protected class unequally. EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1287 (11th Cir. 2000). However, the EEOC "is not required to prove that any particular employee was a victim of the pattern or practice; it need only establish a prima facie case that such a policy existed." Id.

Again, at the motion to dismiss stage, the EEOC is not required to present facts sufficient to make out a prima facie case; rather, the EEOC must only state plausible grounds for relief. For the same reasons discussed above, the Court finds that the EEOC has met the pleading requirements and denies Defendants' motion to dismiss the EEOC's pattern and practice claim.

### C.    Disproportionate termination

The EEOC further alleges that Defendants engaged in a pattern or practice of disproportionately terminating American and/or African American workers based on their national origin and/or race. The Complaint offers illustrations of this allegedly illegal practice through the introduction of both statistical and anecdotal evidence. (Doc. 1, ¶ 18(a)). For example, the EEOC alleges that

during the Fall 2010 agricultural season, Defendants terminated approximately 116 American workers during the first six weeks of the season, reducing the American workforce from 121 workers to 5 workers. In contrast, during that same period of time, the foreign-born workforce increased from 88 to 117. The EEOC goes on to list specific workers who were terminated on or about October 4, 2010 and further identifies other similarly situated workers who were terminated throughout the season for failing to meet an allegedly undisclosed production standard. The EEOC alleges that these terminations were based on national origin and/or race.

The EEOC next alleges that at the conclusion of the Spring 2011 agricultural season, nearly all of Defendants' American and African American workers had been terminated, while few, if any, of Defendants' foreign-born workers experienced involuntary termination. (Doc. 1, ¶ 18(b)). Similarly, the EEOC suggests that during the Fall 2012 season, Defendants terminated a group of identified workers for alleged violations of work rules but did not terminate foreign-born workers who committed the same infractions, resulting in discrimination against the American and African American workers on the basis of their national origin and/or race.

Defendants characterize the allegations made by the EEOC in support of their termination claims as being conclusory and without factual support. Defendants seem to suggest that the EEOC is required to state the specific facts

10

surrounding each employee's termination, including the name of the employee, the alleged reason for the employee's termination, and the specific individuals associated with Defendants who took the adverse employment action. Defendants further contend that the EEOC fails to present evidence tending to prove that any termination decision was based on a discriminatory motive.

Defendants attempt to hold the EEOC accountable to an evidentiary standard that does not apply at the motion to dismiss stage. The EEOC is not expected to prove its prima facie case in its complaint. Surtain, 789 F.3d at 1246. At this point, the EEOC is required to present a complaint containing sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. Iqbal, 556 U.S. 678. In the Court's estimation, the EEOC has met the appropriate pleading requirement.

Defendants further contend that several of the named Charging Parties are judicially estopped from claiming involuntary termination because this Court has already dismissed claims of constructive discharge raised by these individuals in a prior lawsuit.[1] Jimmy Boatwright, Maleah Caldwell, Fiona Dawson, Eric Martin, Tyree Sinclair, Victor Williams, and Stephanie Jackson, Charging Parties in this case, previously raised constructive discharge claims against Defendants. Finding that those individuals failed to present allegations sufficient to raise a right to relief above a speculative level, this Court dismissed their claims.

---

[1] Bentley v. Baker, 2013 U.S. Dist. LEXIS 84881, 7:12-CV-132 (HL) (M.D. Ga. June 18, 2013).

However, while these particular parties may be estopped from now raising termination claims, the EEOC's Complaint does not name any of the workers who claimed they were constructively discharged as examples of individuals who allege they were involuntarily terminated. Further, the Complaint makes no allegation that ALL of the American and/or African American workers employed by Defendants from September 2010 through the present were terminated, only that the rate at which American and/or African American workers were terminated is in stark contrast to foreign-born workers. Accordingly, the EEOC may proceed with its termination claims.

## IV.   CONCLUSION

The Court concludes that the EEOC's Complaint makes factual allegations sufficient to withstand a motion to dismiss for failure to state a claim under Title VII. The Complaint presents adequate facts to raise above a speculative level the EEOC's contention that Defendants engaged in a pattern or practice of discriminatory practices that subjected American and/or African American workers to disparate terms and conditions of work from their foreign-born counterparts and that that resulted in the termination of a disproportionate number of American and/or African American workers on the basis of their race and/or national origin. Defendants' motion is therefore denied.

**SO ORDERED**, this 11th day of August, 2015.

*s/ Hugh Lawson*_____
aks                          **HUGH LAWSON, SENIOR JUDGE**