UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                *Plaintiff*,<br>and<br><br>DEREK DAVIS, et al.,<br><br>                *Plaintiff-Intervenors*,<br>vs.<br><br>J & R BAKER FARMS, LLC, et al.,<br><br>                *Defendants*. | Civil Action No.: 7:14-CV-136 (HL) |

**AMENDED SCHEDULING AND DISCOVERY REPORT**

The parties held a second Rule 26(f) conference on August 4, 2015, as directed by the Court. The parties conferred and jointly developed amendments to the scheduling and discovery report, Doc. 15, containing deadlines and limitations as follows. Because there was not yet an answer, the parties only discussed possibilities for resolution and dates for discovery.

**I.  Nature of the Case:**

Plaintiff EEOC has asserted a pattern or practice claim under Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6, alleging that since at least September 2010, Defendant(s) engaged in a pattern or practice of unlawful discrimination by terminating and/or constructively discharging U.S. workers and non-Hispanic workers, and subjecting them to different terms and conditions based on their American national origin and/or their race. Plaintiff-Intervenors have joined the Title VII pattern or practice claim, and Plaintiff-Intervenors' complaint raises additional related claims under 42 U.S.C. § 1981, the Agricultural Worker Protection Act, and their employment contracts. Plaintiff EEOC is not subject to the requirements of Fed. R. Civ. P. 23 regarding the certification of a class and has separate statutory authority to proceed on behalf of a class. Defendants deny that they violated any statute, law or legal obligation owed to Plaintiffs as alleged in their Complaints.

II.   **Counsel of Record:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

*For Plaintiff:*
   Robert K. Dawkins
   Sairalina Montesino
   U.S. Equal Employment Opportunity Commission
   100 Alabama Street SW, Suite 4R30
   Atlanta, Georgia 30303
   Phone:  (404) 562-6842
   Fax:     (404) 562-6905
   sairalina.montesino@eeoc.gov

*For Plaintiff-Intervenors*:
   Dawson Morton
   Georgia Legal Services Program, Inc.
   104 Marietta Street NW, Suite 250
   Atlanta, Georgia  30303
   Phone:  (404) 463-1633
   Fax:     (404) 463-1623
   dmorton@glsp.org

*For Defendants:*
   J. Larry Stine
   Ray Perez
   Wimberly, Lawson, Steckel, Schneider & Stine, P.C.
   Suite 400, Lenox Towers,
   3400 Peachtree Road, N.E.
   Atlanta, Georgia 30326
   Phone: (404) 365-0900
   Fax:     (404) 261-3707
   rp@wimlaw.com

III.   **Discovery**

  A.  Initial Disclosures

The EEOC and the Defendants made their Rule 26(a) initial disclosures no later than **January 9, 2015**. Plaintiff-Intervenors will make their initial disclosures by **August 18, 2015**. Defendants will make any updates to their disclosure by August 18 or advise Plaintiff-Intervenors in writing that their initial disclosures are unchanged.

B. <u>Time for Discovery</u>

The parties have been proceeding on a two phase discovery plan—a liability phase and a damages phase. The parties propose to extend the close of Stage I discovery until **January 16, 2015** (at the end of Stage I, after the Court's ruling on any cross motions for summary judgment the parties will engage in a mediation); Stage II discovery (if the case is not resolved at the mediation) shall begin the day following the mediation and expire 8 months thereafter.

C. <u>Subjects of Discovery</u>

In light of the Plaintiffs' allegations of a pattern or practice of discrimination, the overall scope of the claims, and the magnitude of the number of Plaintiffs and purportedly aggrieved individuals, discovery and trial will be bifurcated with discovery conducted in two stages, designated as "Stage I" and "Stage II."

**STAGE I DISCOVERY**

1. Stage I discovery will encompass discovery of all issues concerning Defendants' liability.

2. Stage I discovery shall be extended to conclude on **January 16, 2015.**

3. Regarding Plaintiffs' claims, during Stage I, Defendants shall be entitled to depose a limited portion of the total number of Plaintiff-Intervenors and/or aggrieved class members ("Stage I class witnesses"), not to exceed thirty (30). If Defendants believe additional depositions are necessary, Defendants agree to confer with Plaintiffs prior to seeking leave of court to take any additional depositions.

4. The parties will be entitled in Stage I to conduct depositions under Rule 30(b)(6) of the Federal Rules of Civil Procedure for a total of 14 hours of questioning time for each deponent (excluding breaks). The parties may not depose a deponent pursuant to Rule 30(b)(6) for more than seven hours of elapsed questioning time (excluding breaks) on a single day.

5. Plaintiffs shall be entitled to depose up to 15 deponents. If Plaintiffs believe additional depositions are necessary, Plaintiffs agree to confer with Defendants prior to seeking leave of court to take additional depositions.

6. Plaintiffs must disclose the identity of any expert witnesses by June 18, 2015, or no more than 60 days prior to the conclusion of Stage I discovery.

7. Plaintiff-Intervenors must disclose their expert by **October 19, 2015**.

8. Defendants must disclose the identity of any expert witnesses by **November 16, 2015**.

9. Plaintiffs and Plaintiff-Intervenors shall have 15 days from the designation of the Defendants' expert(s) within which to designate rebuttal expert witness(es), or other experts should Plaintiffs not have previously designated an expert.

10. The designation of any expert witness(es) must be accompanied by a written report prepared and signed by the expert in accordance with Rule 26(a)(2)(B). Any designated expert witness must be available to be deposed during the Stage II discovery period. The party identifying the expert must produce him for a deposition at a reasonable time and place. If the identifying party does not produce the expert for a deposition, the expert will not be allowed to testify at the trial of this case.

11. Upon the completion of Stage I discovery, all dispositive motions shall be filed on or before **February 15, 2016**, that being no more than thirty (30) days after the expiration of Stage I discovery in this case.

12. After briefing summary judgment, the parties shall schedule a mediation within thirty (30) days of the Court's ruling on any dispositive motions filed. In the absence of dispositive motions, the parties shall schedule a mediation within forty-five (45) days of the close of discovery. The mediation will be scheduled to take place before a mediator mutually agreeable to the parties. The parties are required to identify the mediator in a writing filed with the Court no later than fifteen (15) days following the Court's order on any dispositive motions filed by the parties. If the parties cannot agree on a mediator, they should inform the Court of that fact in a writing filed no later than fifteen (15) days following the Court's order. If the parties cannot agree on a mediator, the Court will designate one for them. In the event that a negotiated settlement is not reached through mediation, the case shall enter Stage II discovery. The parties shall file a notice with the Court advising the court that mediation has been completed and that Stage II discovery has begun.

### **STAGE II DISCOVERY AND TRIAL**

1. Stage II discovery shall continue for a period of eight (8) months, beginning on the day following completion of the mediation, and concluding eight (8) months thereafter. Stage II discovery will allow for limited additional discovery continued from Stage I regarding liability and remedial issues, including back pay and compensatory damages, for additional class members designated as Stage II class witnesses. Discovery as to monetary and non-monetary remedies for the class allegation and punitive damages should take place during Stage II. Additionally, the parties may designate damages experts during Stage II.

2. During Stage II, Defendant will be entitled to depose additional class members who were not designated as Stage I class witnesses. These "Stage II class witnesses" will

      be composed of any remaining Plaintiff-Intervenors and a limited portion of the total number of the aggrieved class members for whom Plaintiff EEOC ultimately seeks relief, not to exceed an additional 25 class members. Defendants currently anticipate that an additional 25 depositions during this stage would be sufficient.

3. The parties will contact Judge Lawson's chambers in writing **no later than fourteen (14) days** following the conclusion of Stage II, to schedule a trial date to determine: 1) if Defendants are liable and on what claims; 2) any damages for Plaintiff-Intervenors; and 3) whether Defendants are liable for punitive damages. The Stage II trial will be bifurcated if necessary in light of the punitive damages claim.

D. <u>Electronically Stored Information</u>

The Court adopted language concerning ESI in its initial Rule 26 Order. Doc. 15 at 8.

E. <u>Privilege Claims</u>

The parties agree to abide by the clawback provisions set forth in Fed. R. Civ. P. 26(b)(5)(B). The parties do not anticipate any special privilege issues in this case, apart from common questions of attorney-client and work-product privilege

F. <u>Changes to Discovery Limitations</u>

The parties do not request any changes to discovery limitations at this time.

G. <u>Other Discovery Matters</u>

The parties do not have any other discovery matters to add to this report.

IV. **Motion Deadlines**

A. All motions to join other parties or to otherwise amend the pleadings shall be filed no more than 30 days after the expiration of discovery in this case.

B. All dispositive motions shall be filed no more than thirty (30) days after the expiration of Stage I discovery in this case.

C. All *Daubert* motions must be filed no more than 30 days after the expiration of discovery in this case.

The parties are instructed not to file *Daubert* motions as part of dispositive motions.

V. **Other Matters**

A. The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

B. The parties are limited by the Local Rules to twenty-five interrogatories (L.R. 33.1), ten requests for production (L.R. 34), and fifteen requests for admissions (L.R. 36). The parties may not exceed these limits without filing a motion and receiving written permission from the Court.

C. All applications to the Court for orders shall be presented in the form of written motions filed pursuant to the Local Rules. Letters, faxes, and telephone calls will not be accepted in lieu of a properly filed motion unless requested or otherwise authorized by the Court.

D. Any request for leave of absence should be filed in the form of a motion. The Court will not consider notices filed pursuant to Uniform Superior Court Rule 16.

E. Do not send courtesy copies of letters, motions, or briefs to the Court.

F. This Scheduling and Discovery Report must be filed as a .pdf document. A scanned Scheduling and Discover Report will not be accepted.

G. This schedule shall not be modified except upon a showing of good cause and by leave of Court.

This _17th_ day of August, 2015,


__s/ Robert Dawkins___                                  _s/ J. Larry Stine_____
Robert Dawkins                                          J. Larry Stine
Counsel for Plaintiff                                   Counsel for Defendant

___s/ Dawson Morton_____
Dawson Morton
Counsel for Plaintiff-Intervenors

The Court, having reviewed the information contained in the Scheduling and Discovery Report completed and filed jointly by the parties to this action, hereby ADOPTS the parties' plan and MAKES IT THE ORDER OF THE COURT.

    SO ORDERED, this \_\_\_\_ day of _____, 2015.

                                               _____
                                               HUGH LAWSON
                                               United States Senior District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on this 17th day of August, 2015, served the foregoing **AMENDED SCHEDULING AND DISCOVERY REPORT** upon the following individuals by email through agreement of the parties:

Robert K. Dawkins
Ottrell Ferrell Edwards
Sairalina Montesino
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama Street, SW Suite 4R30
Atlanta, Georgia 30303
robert.dawkins@eeoc.gov
ottrell.edwards@eeoc.gov
*Counsel for Plaintiff*

J. Larry Stine
Ray Perez
WIMBERLY, LAWSON, STECKEL,
SCHNEIDER & STINE, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
*Counsel for Defendants*

    Respectfully submitted this 17th day of August, 2015,

    /s/ Dawson Morton\_\_\_\_
    Dawson Morton
    Georgia Bar No. 525985
    Lisa J. Krisher
    Georgia Bar No. 429762
    104 Marietta Street NW, Suite 250
    Atlanta, GA 30303
    Phone: (404) 463-1633
    Fax: (404) 463-1623