IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| Plaintiff, | |
| and | |
| **DEREK DAVIS, et al.,** | Civil Action No. 7:14-CV-136 (HL) |
| Plaintiff-Intervenors, | |
| v. | |
| **J & R BAKER FRAMS, LLC, et al.**, | |
| Defendants. | |

**ORDER**

Before the Court is Plaintiff's Motion for Reconsideration. (Doc. 56). Plaintiff asks the Court to reconsider its Order (Doc. 54) granting Defendants' Motion to Compel (Doc. 23) and denying Plaintiff's Motion to Quash (Doc. 37).

Local Rule 7.6 warns, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D.Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." Bryant v. Citigroup, Inc., 2012 WL 3260443, at *1 (M.D. Ga. Aug. 8, 2012) (quoting Bingham v. Nelson, 2010 WL 339806, at *1 (M.D.Ga. Jan.

21, 2010). "[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." <u>Pennamon v. United Bank</u>, 2009 WL 2355816, at *1 (M.D.Ga. July 28, 2009) (quoting <u>Am. Ass'n of People with Disabilities v. Hood</u>, 278 F.Supp.2d 1337, 1340 (M.D.Fla. 2003)). Further, opinions issued by the court "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." <u>Id</u>. (quotation and citation omitted).

The local rule further instructs that "motions for reconsideration shall be filed within fourteen (14) days after entry of the order." M.D.Ga. L.R. 7.6. Plaintiff filed its motion on October 8, 2015, 29 days after entry of the Court's September 9, 2015 order. A day or two prior to the filing of this motion, Plaintiff contacted the Court, stating that it had misapprehended the local rule and asking for permission to file its motion for reconsideration. Without commenting on the timeliness of the motion, the Court suggested that if Plaintiff wished to file such a motion it needed to act expeditiously.

Defendants have not raised the issue of timeliness in response to Plaintiff's motion. And, since the Court otherwise finds that the motion fails to meet the requisite standard, the Court will make no further ado about when Plaintiff filed the motion. However, the Court cannot ignore Plaintiff's continued disregard for the local rules. Even after acknowledging that it consulted an outdated version of the rules prior to filing its motion for reconsideration, Plaintiff perpetuated this

failure by neglecting to take heed of the rule's final provision: "There shall be no reply brief." Id. Plaintiff's November 10, 2015 reply brief is, accordingly stricken from the record. Plaintiff is cautioned that further violations of the local rules will not be tolerated.

On May 4, 2015, Defendants filed a Motion to Compel Discovery Responses from Plaintiff (Doc. 23), seeking, in part, a list of all known class members alleged to have been either involuntarily terminated or constructively discharged by Defendants along with information pertaining to the circumstances of the alleged discharge. During the course of briefing the motion, and again during the hearing held on September 8, 2015, Plaintiff represented to the Court that the purported class consists of approximately 2000 members. Plaintiff, noting the vast size of the class, argued that it would be an insurmountable task to comply with Defendants' discovery requests.

Finding Defendants' request reasonable and within the scope of discovery, the Court fashioned a resolution, taking into account both Defendants' need to gather pertinent information regarding Plaintiff's discharge claims and Plaintiff's concern that producing information for the entirety of the class would be impose an undue hardship on Plaintiff. Consequently, the Court directed Plaintiff to set forth the circumstances surrounding the discharge of a representative portion of the class. The Court specified that Plaintiff must compile,

1) a list of all known class members who allege they were involuntarily terminated and when the termination occurred;

2) a list of all known class members who allege they were constructively discharged and when the discharge occurred; and

3) detailed anecdotal information for a representation portion of the class members, which the Court finds to be at least 250 individuals.

(Doc. 54, p. 3).

Now, Plaintiff moves the Court to revise the terms of its order to reduce the number of potential class members for whom Plaintiff must illustrate the nature and terms of termination. Plaintiff states that it mistakenly represented the class size to the Court, having confused the number of potential class members with the number of questionnaires issued by Plaintiff. According to Plaintiff, the class size is more accurately measured at 332 members. Plaintiff states that to be required to provide anecdotal information for what would amount to 75 percent of the class would impose an injustice and a hardship on Plaintiff.

The Court is disinclined to revise its previous ruling. It is Plaintiff's responsibility to review its own documentation diligently and to be prepared to provide accurate information to the Court. Additionally, there is no evidence that the information Plaintiff used to arrive at the revised number was somehow unavailable to Plaintiff at the time of the hearing. Plaintiff's inability to manage its

4

case is an error of its own making, not the Court's. Plaintiff's motion to reconsider the Court's ruling on Defendants' motion to compel is thus denied.

Plaintiff's motion for the Court to revise its ruling on Plaintiff's motion to quash is, likewise, denied. Plaintiff's motion simply reiterates argument already considered by the Court in fashioning its order, and the Court is not persuaded that its previous ruling was clearly erroneous. Accordingly, Plaintiff's Motion for Reconsideration is denied.

**SO ORDERED** this 13th day of November, 2015.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks