**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>    Plaintiff,<br><br>and<br><br>**DEREK DAVIS, et al.,**<br><br>    Plaintiff-Intervenors,<br><br>v.<br><br>**J & R BAKER FARMS, LLC, et al.**,<br><br>    Defendants. | Civil Action No. 7:14-CV-136 (HL) |

**ORDER**

Before the Court is Plaintiff-Intervenors' Corrected Motion for Leave to File Amended Complaint. (Doc. 85).[1] Plaintiff-Intervenors' motion seeks to add ten additional Plaintiff-Intervenors, including Cedric Butts, Erica Daniels, Gerwarney Flemming, Tony Harrison, Sharon Lyles, Emma Jean Powell, Robert Ridely, Eric Sims, Kareem Washington, and Anthony Wingfield. Defendants object only to the inclusion of proposed Plaintiff-Intervenors Tony Harrison, Sharon Lyles, and

---

[1] Plaintiff-Intervenors timely filed their original Motion for Leave to File Amended Complaint (Doc. 83) on January 31, 2016. Realizing that there were several errors in the first motion, Plaintiff-Intervenors filed their amended motion on February 8, 2016, to include an additional Plaintiff-Intervenor, to revise some factual assertions, and to correct some typographical errors. Plaintiff-Intervenors' original motion (Doc. 83) is, accordingly, moot.

Anthony Wingfield, who purportedly worked for Defendants during the Fall 2013 season.[2] Defendants also object to the amendment to the extent it contains new factual allegations of discriminatory drug testing. Finding no evidence of undue delay, bad faith, or dilatory motive, the Court exercises the discretion granted by the liberal standard of Federal Rule of Civil Procedure 15(a) and grants Plaintiff-Intervenors' motion to amend.

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). However, leave to amend shall be freely given "when justice so requires." Id. "[U]nless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989). Certain factors justify the denial of a motion to amend, including undue prejudice to the opposing party, undue delay, bad faith, repeated failure to cure deficiencies by previous amendments, or futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Laurie v. Ala. Ct. of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001).

---

[2] Plaintiff-Intervenors identified Quintin Daniels in their Complaint in Intervention as an individual employed by Defendants during the Fall 2012 Season. (Doc. 39, ¶ 15). Plaintiff-Intervenors' proposed amended complaint also alleges that Quintin Daniels was subjected to disparate treatment during the Fall 2013 Season. (Doc. 85-1, ¶ 18). Defendants object to the addition of Quintin Daniels' claims arising from the latter season.

2

Defendants object to Plaintiff-Intervenors' motion to amend their Complaint in Intervention to include additional Plaintiff-Intervenors who allegedly worked for Defendants during the Fall 2013 season. (See Doc. 85-1, ¶¶ 18, 135-51). Defendants accuse Plaintiff-Intervenors of attempting to "artfully avoid a Title VII claim as to the Fall 2013 season, knowing that it is flawed because there were no underlying EEOC charges." (Doc. 88, pp. 3-4). Defendants' argument is unavailing, namely because the Court has already addressed this very issue in relation to the proposed intervention of those Plaintiff-Intervenors who were employed by Defendants during the Spring 2013 season. In its Order granting the Motion to Intervene (Doc. 38), the Court ruled that, even though the workers whose claims arose during the Spring 2013 Season could not intervene as a matter of right under the single-filing rule because their claims arose after the date any representative plaintiff filed a representative charge with the EEOC, those workers could permissively intervene under Federal Rule of Civil Procedure 24(b)(1)(B) because their claims shared common questions of law and fact. (Id. at pp. 7-11). That same logic applies here in relation to those proposed Plaintiff-Intervenors who worked for Defendants during the Fall 2013 season. With the exception of the drug testing allegations, these additional intervenors raise claims mirroring those included in the original Complaint in Intervention. The Fall 2013 Plaintiff-Intervenors accordingly fall within the scope of the lawsuit, which purports to include those workers employed by Defendants

3

from 2010 through the present (Doc. 38, p. 9), and there is no basis for Defendant's contention that inclusion of these individuals would somehow cause Defendants surprise or unfairness.

Defendants next argue that the Court should not permit the proposed Plaintiff-Intervenors to assert that they were subject to disparate drug testing. According to Defendants, this new claim is untimely, dilatory, and generally bears no relationship to Plaintiff-Intervenors' previously-asserted disparate treatment claims pertaining to job assignments, transportation, and termination. The Court disagrees. The allegation that American born workers were subject to drug testing while non-American born workers were not directly correlates with Plaintiff-Intervenors' disparate treatment in termination claim. Further, it is clear to the Court that the drug testing issue is one that has developed both through written discovery and depositions. While the Court will not provide Plaintiff-Intervenors any additional time in which to develop the drug testing allegations further, the subject matter itself certainly falls within the scope of the case, and Plaintiff-Intervenors will be permitted to explore their contention within the time remaining for discovery.

Plaintiff-Intervenors' Motion to Amend Complaint in Intervention (Doc. 85) is granted. The Clerk of Court is directed to file the Amended Complaint attached as Exhibit 1 to Plaintiff-Intervenors' motion.

4

**SO ORDERED** this 8th day of March, 2016.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks